## Case Information

DC-16-13478 | JAKOB MEDVE vs. ALLSTATE INSURANCE COMPANY, et al

| Case Number | Court | File Date |
|---|---|---|
| DC-16-13478 | 193rd District Court | 10/14/2016 |
| Case Type | Case Status | |
| OTHER (CIVIL) | OPEN | |

## Party

PLAINTIFF
MEDVE, JAKOB

Address
13355 NOEL RD SUITE 1100
DALLAS TX 75240

Active Attorneys ▾
Lead Attorney
ROSENBERG, ALAN J.
Retained

Work Phone
214-347-7676

Fax Phone
214-347-7676

DEFENDANT
ALLSTATE INSURANCE COMPANY

Address
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

DEFENDANT
KERSTING, JAMES



Address
1150 EAST ARAPAHO ROAD
RICHARDSON TX 75081

## Events and Hearings

10/14/2016 NEW CASE FILED (OCA) - CIVIL

10/14/2016 ORIGINAL PETITION ▾

Plaintiff's Original Petition.pdf

10/14/2016 CASE FILING COVER SHEET ▾

CCInfo.pdf

10/14/2016 JURY DEMAND ▾

FP FILE DESK JURY DEMAND FORM

10/14/2016 ISSUE CITATION

10/19/2016 CITATION ISSUED ▾

DC16-13478.pdf

DC16-13478 (2).pdf

10/19/2016 CITATION▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
10/25/2016
Anticipated Server
ESERVE

Anticipated Method

Actual Server
PRIVATE PROCESS SERVER

Returned
10/25/2016
Comment
ESERVE/AM

10/25/2016 RETURN OF SERVICE ▾

ALLSTATE

Comment
CITATION----ALLSTATE INSURANCE COMPANY CITATION PROOF OF SERVICE

10/25/2016 RETURN OF SERVICE ▾

KERSTING

Comment
JAMES KERSTING

## Financial

MEDVE, JAKOB

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $343.00 |
| Total Payments and Credits | | | | $343.00 |
| 10/17/2016 | Transaction Assessment | | | $343.00 |
| 10/17/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 65888-2016-DCLK | MEDVE, JAKOB | ($343.00) |

**Documents**

Plaintiff's Original Petition.pdf

CCInfo.pdf

FP FILE DESK JURY DEMAND FORM

DC16-13478.pdf

DC16-13478 (2).pdf

ALLSTATE

KERSTING

DALLAS COUN
10/14/2016 2:15:10 F
FELICIA PITF
DISTRICT CLEF

Marissa Pittman

**CAUSE NO.** DC-16-13478

| | | |
|---|---|---|
| **JAKOB MEDVE,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **AND JAMES KERSTING,** | § | **DALLAS COUNTY, TEXAS** |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, REQUEST FOR PRODUCTION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff JAKOB MEDVE ("Plaintiff" or "Medve"), files this Original Petition against ALLSTATE INSURANCE COMPANY ("Allstate", or the "Insurance Defendant") and JAMES KERSTING ("Kersting" or "Adjuster" as defined hereinbelow) and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the _Texas Rules of Civil Procedure_. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

Pursuant to Rule 47 of the _Texas Rules of Civil Procedure_, the relief sought by Plaintiff is monetary and is over $200,000 but not more than $1,000,000.

### II.
### PARTIES AND SERVICE

Plaintiff is an individual that resides in Dallas County, Texas.



EXHIBIT
B-1

At all times pertinent herein, Allstate is and was an Illinois for-profit corporation, with its principal place of business located in Cook County, Illinois, and doing business in the State of Texas. Defendant Allstate is in the business of insurance in the State of Texas. The insurance business done by Allstate in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

- The review of claims submitted for coverage and the related benefit and/or denial of claims, including Plaintiff' claim.

Defendant Allstate Insurance Company may be served with personal process, by a process server, by serving its registered agent: CT Corporation System 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

Defendant Kersting, a manager at the National Catastrophic Claims Center, is a Texas resident who resides and/or conducts business at 1150 East Arapaho Road, Richardson, Texas 75081, and may be served with personal process by serving him at said address.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Dallas County, Texas because all or part of the conduct giving rise to the causes of action were committed in Dallas County, Texas; specifically, the denial of

proper coverage by the Allstate National Catastrophic Team, which is the subject of this suit occurred in Dallas County, Texas. Accordingly, venue is proper pursuant to *Texas Civil Practice & Remedies Code* § 15.002.

## IV.
## BACKGROUND FACTS

Plaintiff is the owner of a Deluxe Plus Homeowners Policy (hereinafter referred to as "the Policy"), which was issued by Allstate. Plaintiff owns the insured property, which is located at 2825 Zell Drive, Laguna Beach, California 92651 (hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses when a wind storm damaged the Property, and Plaintiff reported same to Insurance Defendant pursuant to the terms of the Policy. Specifically, tiles and gutters were blown off by the wind, and the roof shifted and was dented as a result of such wind. Plaintiff asked that Allstate cover the cost of replacing the entire roof pursuant to the Policy. Allstate hired Adjuster and his agents to adjust the claim and investigate the damages. Allstate and the Adjuster failed to conduct a full, fair, prompt and reasonable investigation of Plaintiff's covered damages. Further, Adjuster conducted an outcome-oriented investigation and also hired experts he knew would under-scope Plaintiff's damages in order to allow Allstate to avoid payment on the claim.

Further, Plaintiff retained the opinion of an independent engineer which such engineer's report concluded that the roof was in poor condition due to the wind storm and recommended that the roofing materials and water proofing membranes be removed and replaced in its entirety and in compliance with current California Building Codes and City of Laguna Beach Building Codes and regulations. Plaintiff provided the independent engineer's report to Allstate

for review. Despite multiple demands from Plaintiff, and the independent engineer's report, Allstate unreasonably denied and refused to provide coverage and replace Plaintiff's roof.

As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for full repairs to the Property even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Allstate failed to fully pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff and engaged its agents to misrepresent Policy provisions and coverage. To date, Allstate continues to delay in the payment for the damages to the Property.

## V.
## CAUSES OF ACTION AGAINST ALLSTATE

### A.    BREACH OF CONTRACT

Plaintiff re-alleges the foregoing paragraphs. Allstate and its agents' conduct constitute a breach of the insurance contract between it and Plaintiff. Allstate's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

Allstate failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between it and Plaintiff.

### B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE

#### 1.   UNFAIR SETTLEMENT PRACTICES

Plaintiff re-alleges the foregoing paragraphs. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE, § 541.151.

Allstate misrepresented to Plaintiff that the replacement of the entire roof was not covered under the Policy, even though the damage was caused by a covered occurrence. Further, Allstate misrepresented coverage the policy afforded for Plaintiff's use of an engineer to inspect and investigate the damages. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

Allstate failed to make an attempt to settle Plaintiff's claim in a fair and prompt manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

Allstate failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid and an adequate explanation why full payment was not being made. Furthermore, Allstate did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Allstate's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

Additionally, Allstate, by and through its agents, has, among other violations, violated the following provisions of the Code:

1.      Insurance Code § 542.003(b)(5).

2.      Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- making misrepresentations of law;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide a basis to underpay the claim.

Moreover, one or more of the foregoing acts or omissions were committed "knowingly" entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Further, because of Allstate's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

2.    THE PROMPT PAYMENT OF CLAIMS

Plaintiff re-alleges the foregoing paragraphs. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE. § 542.055.

Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.058.

**C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

Plaintiff re-alleges the foregoing paragraphs. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured pursuant to insurance contracts.

From and after the time Plaintiff's claim was presented to Allstate, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable

insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Further, Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### D.     VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

Plaintiff re-alleges the foregoing paragraphs. Allstate's conduct constitutes a violation of the Texas Deceptive Trade Practices-Consumer Protection Act (the "DTPA"). Specifically, Allstate's acts and omissions to date violate the DTPA by Allstate knowingly and intentionally:

- Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

- Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

- Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

- Additional acts or omissions that violate the Texas DTPA and will be presented at the time of trial.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER

### A.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times Kersting was engaged in the business of insurance, as defined by the Texas Insurance Code. The acts and omissions of the Kersting and his agents, including but not limited to Andy Glas (hereinafter referred to as "Adjuster"), constitute one or more violations of the Texas Insurance Code. More specifically, Adjuster has, among other violations, violated the following provisions of the Code:

1.      Insurance Code § 542.003(b)(5).

2.      Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- refusing to inspect and adjust damages to contents;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide Allstate with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. Allstate assigned the loss and the claim to the Adjuster, who was at all pertinent times the agent of Allstate, through both actual and apparent authority. The acts, representations and omissions of the Adjuster are attributed to Allstate.

Adjuster inspected or caused for the inspection of Plaintiff's Property, and during the inspection, Adjuster was tasked with the responsibility of conducting a thorough, prompt and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to Plaintiff's Property. Instead, Adjuster hired an engineer and contractor known to make favorable opinions for insurance companies in order to create evidence to deny full payment on Plaintiff's claim. Subsequent to the inspection, Adjuster refused to identify and ignored the actual covered damages to the Property, thus demonstrating he did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Adjuster failed and refused to properly adjust the claim and failed to conduct a reasonable investigation as he is required to do under the Texas Insurance Code. Adjuster failed to properly inspect the Property, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff and/or its agents, failed to timely evaluate the claim, and failed to timely and properly report to Allstate and make recommendations to Allstate to address all the

covered damages. Adjuster also misrepresented to Plaintiff Policy coverage, provisions and the law applicable to them.

The Plaintiff provided information regarding the loss and the claim to Adjuster and his agents. The Plaintiff allowed full and complete access to the property. The Plaintiff provided sufficient information to Adjuster to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the Adjuster failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of Adjuster's inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages and consequential damages. Moreover, one or more of the foregoing acts or omissions were committed "knowingly" entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## CAUSES OF ACTION AGAINST ALL DEFENDANTS
## FOR CIVIL CONSPIRACY

Plaintiff re-alleges the foregoing paragraphs. The Defendants conspired to underpay Plaintiff's claim. Allstate hired Adjuster to investigate Plaintiff's claims, and the Defendants and their agents, set out to intentionally conduct an outcome-oriented investigation and misrepresentations of Policy and Texas law in order to avoid paying for all of the damages to Plaintiff's Property covered by the Policy. The Defendants' conspiracy was a proximate cause of Plaintiff's damages.

## VIII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by Defendants as that term is used in the Texas Insurance Code and Texas Deceptive Trade Practices-Consumer Protection Act and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff. Pursuant to Rule 47 of the *Texas Rules of Civil Procedure*, the relief sought by Plaintiff is monetary and is over $200,000 but not more than $1,000,000.

As previously mentioned, the damages caused by the covered losses have not been properly addressed, even though Plaintiff has mitigated, causing further damage to the property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

- For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees, pre- and post-judgment interest, costs of court, and consequential damages.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE § 541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For violation of the Texas DTPA, Plaintiff is entitled to actual damages, court costs, attorneys' fees, and exemplary damages.

For civil conspiracy, Defendants are jointly and severally liable for the damages to Plaintiff.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

In addition, as to any exclusion, condition, or defense pled by Defendants, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage to the property caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the Defendants violate the Texas Insurance Code section 541 *et. seq.* and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, Defendants are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the *Texas Rules of Civil Procedure* 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO ALLSTATE

1) Produce the non-privileged portion of the Allstate's complete claim files for Plaintiff's Property relating to or arising out of any damages caused by the loss for which Allstate opened a claim under the Policy.

2) Produce all emails and other forms of communication between Allstate, its agents, adjusters, employees, or representatives and the Adjuster, and/or his agents, adjusters.

representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property, which is the subject of this suit.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER

1) Produce complete claim or adjusting file for Plaintiff's Property.

2) Produce all emails and other forms of communication between Allstate, its agents, adjusters, employees, or representatives and the Adjuster, and/or his agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property, which is the subject of this suit.

## XIII.
## JURY DEMAND

Plaintiff hereby requests a jury trial.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing, Plaintiff has judgment against Defendants for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for attorneys' fees; for costs of suit; for interest on the judgment; for pre-judgment interest; for consequential damages; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the Insurance Defendant, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**ROSENBERG & JOHNSON, PLLC**

*/s/ Alan J. Rosenberg*
**ALAN J. ROSENBERG**
State Bar No. 24037391
13355 Noel Rd., Ste. 1100
Dallas, Texas 75240
214-347-7676 (Phone/Facsimile)
alan@rosenbergjohnson.com

**ATTORNEYS FOR PLAINTIFF**

**CIVIL CASE INFORMATION SHEET**

Marissa Pittman

CAUSE NUMBER *(FOR CLERK USE ONLY):* DC-16-13478 _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Jakob Medve v Allstate Insurance Company and James Kersting
_____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Alan J. Rosenberg | **Email:** alan@rosenbergjohnson.com | **Plaintiff(s)/Petitioner(s):** Jakob Medve | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se Plaintiff/Petitioner*<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| **Address:** 13355 Noel Rd., Ste. 1100 | **Telephone:** 214-347-7676 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Dallas, TX 75240 | **Fax:** 214-347-7676 | **Defendant(s)/Respondent(s):** Allstate Insurance Company<br>James Kersting | Custodial Parent: _____<br><br>Non-Custodial Parent: _____ |
| **Signature:** *Alan Rosenberg* | **State Bar No:** 24037391 | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>    Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>    List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | | **Other Family Law** | **Parent-Child Relationship** |
| | | | ☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: | ☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**EXHIBIT B-2** tabbies®

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

FELICIA PITRE

DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-16-13478

JAKOB MEDVE

vs.

ALLSTATE INSURANCE COMPANY, et al

193rd District Court

## **ENTER DEMAND FOR JURY**

JURY FEE PAID BY: JAKOB MEDVE

FEE PAID: 40



600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**ALLSTATE INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JAKOB MEDVE**

Filed in said Court  **14th day of October, 2016** against

**ALLSTATE INSURANCE COMPANY AND JAMES KERSTING**

For Suit, said suit being numbered **DC-16-13478,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURES AND FIRST REQUEST FOR PRODUCTION**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____/s/ Altha Miles_____, Deputy
　　　　　ALTHA MILES


EXHIBIT
B-4

**ESERVE**

**CITATION**

DC-16-13478

**JAKOB MEDVE**
vs.
**ALLSTATE INSURANCE COMPANY,**
**et al**

ISSUED THIS
**19th day of October, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ALTHA MILES, Deputy

**Attorney for Plaintiff**
ALAN J. ROSENBERG
ALAN@ROSENBERGJOHNSON.COM
13355 NOEL RD
SUITE 1100
DALLAS TX  75240
214-347-7676

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-16-13478

Court No.193rd District Court

Style: JAKOB MEDVE

vs.

ALLSTATE INSURANCE COMPANY, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|                    |              |                                          |
|--------------------|--------------|------------------------------------------|
| For serving Citation | $_____ | _____ |
| For mileage        | $_____ | of_____County, _____ |
| For Notary         | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**JAMES KERSTING**
**1150 EAST ARAPAHO ROAD**
**RICHARDSON TX 75081**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JAKOB MEDVE**

Filed in said Court  **14th day of October, 2016** against

**ALLSTATE INSURANCE COMPANY AND JAMES KERSTING**

For Suit, said suit being numbered **DC-16-13478,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURES AND FIRST REQUEST FOR PRODUCTION**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By  /s/ Altha Miles  , Deputy
ALTHA MILES

---

**ESERVE**

**CITATION**

**DC-16-13478**

**JAKOB MEDVE**
**vs.**
**ALLSTATE INSURANCE COMPANY,**
**et al**

ISSUED THIS
**19th day of October, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ALTHA MILES, Deputy

**Attorney for Plaintiff**
ALAN J. ROSENBERG
ALAN@ROSENBERGJOHNSON.COM
13355 NOEL RD
SUITE 1100
DALLAS TX 75240
214-347-7676

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-16-13478

Court No.193rd District Court

Style: JAKOB MEDVE

vs.

ALLSTATE INSURANCE COMPANY, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

DALLAS COUNT
10/25/2016 5:43:54 P
FELICIA PIT
DISTRICT CLEF

Dianne Coffey

## OFFICER'S RETURN

Case No. :  DC-16-13478

Court No. 193rd District Court

Style: JAKOB MEDVE

vs.

ALLSTATE INSURANCE COMPANY, et al

Came to hand on the ___19th___ day of ___October___, 20 _16_, at _1:42_ o'clock _P_ M. Executed at 1999 Bryan St. Ste 900 Dallas, TX 75201

within the County of ___Dallas___ at _10:46_ o'clock _A_ M. on the _24th_ day of ___October___.

20 _16_ , by delivering to the within named

Allstate Insurance Company by serving its Registered
Agent   CT corporation System

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _____ | _Zachary A Goldberg_ |
| For mileage | $ _____ | of _Dallas_ County. _Texas_ |
| For Notary | $ _____ | By _Zachary A. Goldberg_ ~~Deputy~~ Process Server |

SCH 16584
exp 10/31/16

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _Zachary A Goldberg_ before me this _24th_ day of _October_, 20 _16_,

to certify which witness my hand and seal of office.

_Melissa Goldberg_

Notary Public _Dallas_ County _Texas_



EXHIBIT
B-5

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**ALLSTATE INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JAKOB MEDVE**

Filed in said Court **14th day of October, 2016** against

**ALLSTATE INSURANCE COMPANY AND JAMES KERSTING**

For Suit, said suit being numbered **DC-16-13478,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURES AND FIRST REQUEST FOR PRODUCTION**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____/s/ Altha Miles_____, Deputy
        ALTHA MILES



---

**ESERVE**

**CITATION**

**DC-16-13478**

**JAKOB MEDVE**
vs.
**ALLSTATE INSURANCE COMPANY,**
et al

ISSUED THIS
**19th day of October, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALTHA MILES, Deputy

---

**Attorney for Plaintiff**
ALAN J. ROSENBERG
ALAN@ROSENBERGJOHNSON.COM
13355 NOEL RD
SUITE 1100
DALLAS TX 75240
214-347-7676

---

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

Dianne Coffey

## OFFICER'S RETURN

Case No. : DC-16-12511

Court No 95th District Court

Style: BM MEDICAL MANAGEMENT SERVICE, LLC.

vs

GULFSTREAM SCIENTIFIC, LLC, et al

Came to hand on the __14th__ day of __October__ 20 __16__ at __1.42__ o'clock __P__ M. Executed at 1150 E. Arapaho Rd Richardson, TX 75081

within the County of __Dallas__ at __10:18__ o'clock __A__ M. on the __24th__ day of __October__

20 __16__ by delivering to the within named

__James Kersting__

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was ____ miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ | |
| For mileage | $ | |
| For Notary | $ | |

_Zachary A. Goldberg_
of __Dallas__ County, Texas
By _Zachary A. Goldberg_ Deputy/Process Server
SCH 10584 exp 10/31/16

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _Zachary A. Goldberg_ before me this __24th__ day of __October__ 20 __16__.

to certify which witness my hand and seal of office.

_Melissa Goldberg_
Notary Public __Dallas__ County __Texas__

MELISSA GOLDBERG
NOTARY PUBLIC
STATE OF TEXAS
ID 129537458
EXP 08-26-2017

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**JAMES KERSTING**
**1150 EAST ARAPAHO ROAD**
**RICHARDSON TX 75081**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JAKOB MEDVE**

Filed in said Court  **14th day of October, 2016** against

## ALLSTATE INSURANCE COMPANY AND JAMES KERSTING

For Suit, said suit being numbered <u>**DC-16-13478,**</u> the nature of which demand is as follows·
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURES AND FIRST REQUEST FOR PRODUCTION**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 19th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____/s/ Altha Miles_____, Deputy
ALTHA MILES

| **ESERVE** |
|---|
| **CITATION** |
| **DC-16-13478** |
| **JAKOB MEDVE**<br>vs.<br>**ALLSTATE INSURANCE COMPANY, et al** |
| **ISSUED THIS**<br>**19th day of October, 2016** |
| FELICIA PITRE<br>Clerk District Courts.<br>Dallas County, Texas |
| By: ALTHA MILES, Deputy |

**Attorney for Plaintiff**
ALAN J. ROSENBERG
ALAN@ROSENBURGJOHNSON.COM
13355 NOEL RD
SUITE 1100
DALLAS TX 75240
214-347-7676

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID